**United States District Court**
**Central District of Illinois**

**Mark A. Winger,**
        **Plaintiff,**

        vs.        06-1226

**Guy D. Pierce, et al.,**
        **Defendants.**

### Merit Review Order

The plaintiff, Mark A. Winger, a prisoner currently incarcerated by the Illinois Department of Corrections (hereinafter IDOC) at the Tamms Correctional Center has filed a complaint pursuant to 42 U. S. C. § 1983. The plaintiff complains about events that took place while he was incarcerated at the Pontiac Correctional Center. He names as defendants, Guy D. Pierce, warden of Pontiac Correctional Center (hereinafter PCC); Wesley G. Wiles, warden of PCC; Robert E. Ellinger, grievance officer at PCC; Erika R. Howard, Anabelle Motteler, Undray Millsap, adjustment committee members; and Melody Ford, chairperson of the Administrative Review Board and Roger E. Walker, Director of IDOC.

On September 19, 2006, a merit review of the plaintiff's complaint was held. The plaintiff appeared via video conference.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

1

(1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Allegations

The plaintiff's allegations are gleaned from his complaint and from statements he made during the September 19, 2006 merit review conference. The plaintiff's allegations are taken as true for purposes of this order.

On June 17, 2005, the plaintiff was place in segregation pending an investigation. On July 11, 2005, he received a disciplinary ticket charging him with solicitation of violent assault of any person (solicited murder of a witness); intimidation or threats; dangerous communications; and violating state or federal laws. The plaintiff was found guilty of the charges and received as punishment one year C grade, one year segregation, one year audio/visual restriction; one year commissary restriction; one yard restriction; one year contact visits restriction and one year good conduct credit revoked.

The plaintiff claims that the defendants because the defendants have subjected him to one year of yard restriction, they are violating state laws and federal laws. During the conference, the plaintiff alleged that various individuals conspired to affix a prohibited punishment and that the punishment of 365 days yard restriction is a prohibited punishment. Further, he alleges that IDOC rules clearly state that this punishment is prohibited.

### Discussion

The only federal claim the plaintiff has raised is a 365 days yard restriction. One year of segregation without access to prison yard does not violate the Eighth Amendment. *Person v. Ramos*, 237 F.3d 881 (7th Cir. 2001). The court does not have jurisdiction over any state claims raised by the plaintiff.

Further, the plaintiff's motion for appointment of counsel is denied as appointment of counsel is not warranted in this case. Neither the legal issue raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. The plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. *See Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir. 1983). It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. The motion is denied pursuant to *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981). *See Merritt*, 697 F.2d 761, 763 (7th Cir. 1983) and *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

**It is therefore ordered:**

1. **The plaintiff's motion for appointment of counsel [2] is denied.**
2. **Pursuant to 28 U.S.C. §1915A(b) and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's entire complaint is dismissed for failure to state a claim upon which relief may be granted.**
3. **Further, because the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three strike log, forthwith.**
4. **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
5. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

**Enter this 24th day of October 2006.**

/s Harold A. Baker
_____
**Harold A. Baker**
**United States District Judge**