UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
NOV - 3 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK A. WINGER )
  Plaintiff )
  )
  )
VS. ) Case Number 06-CV-1226
  )
Guy D. Pierce, et al )
  Defendants )

## MOTION TO ALTER JUDGEMENT

NOW, comes MARK A. WINGER, pro se, pursuant to RULE 59(e) of the Federal Rules of Civil Procedures, and moves this honorable Court to alter its judgement of October 24th, 2006, which dismissed plaintiff's claim and dismissed his request for counsel to be appointed, in the above captioned case, and further says in support thereof:

1. That plaintiff's case is distinguished from the case relied upon by this honorable court, Pearson v. Ramos, 237 F.3d 881 (2001), where in that case the court did not address the question whether a one year yard restriction was cruel and unusual, but instead addressed the question whether or not it can be said that a one year yard restriction is cruel and unusual in ALL CASES (emphasis added), which they said it could not.

Plaintiff's case is further distinguished from Pearson v. Ramos, where in that case the plaintiff had multiple violations occurring at different times over a six month period; he was marked as violent and incorrigible; allowing him to exercise on the yard would have given additional opportunities to attack prison staff and set fires; and, preventing access to the yard was a reasonable method to protect the staff.

However, in the complaint at bar, I do not meet any of those considerations except multiple violations which parenthetically were non-yard related and all stem from a single incident.

And, since my violations all stem from a single incident, the maximum penalty allowed is 90 days, because "stacking" is not an issue, where I.D.O.C. Rule 504.110 states that:

> "When an offender has been found in violation of more than one offense arising from a single incident the maximum penalty shall not exceed the maximum penalty for the most serious offense the individual is found to have committed."

Therefore, the court should view this complaint under the criteria set forth in Perkins v. Kansas Dept. of Corrections, 165 F.3d 803; Lopez v. Smith, 203 F.3d 1122; and, Davenport v. Roberts 844 F.2d 1310, in which the courts would find my one year yard restriction clearly cruel and unusual.

2. That the court inadvertently failed to consider plaintiff's claim in Count-2) in which defendants PIERCE and JONES conspired to transfer plaintiff to the Tamms Supermax Prison in retaliation to my efforts to prepare and file my complaint.
Where, "conduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason" see, Cody v. WEBER, 256 F.3d 764.

3. That the plaintiff alleged and supported by affidavit deliberate indifference to a serious medical need, and claimed physical and psychological injury which the court did not notice.
Plaintiff claimed to have developed panick attacks due to prolonged deprivation

of exercise away from his cell, known as yard exercise, and to have alerted the defendants and staff throughout the grievance process, which in each instance his complaints were ignored with deliberate indifference.

Plaintiff has been diagnosed with panick attacks stemming from the one year yard denial and is undergoing treatment and medication.

Physical injury that requires medication, medical treatment, or inflicts long lasting disability or severe pain satisfy the physical injury requirement; see Luong vs. Hatt, 979 F. Supp. 481 (N.D. Tex. 1997); U.S. vs. Tencer, 1997 WL 698022 (E.D. La. 1997).

4. That plaintiff's request for appointment of counsel should be granted due to the following:

(a) That the defendant's retaliatory behavior to transfer plaintiff to the highly restrictive Tamms Supermax Prison resulted in the "loss" of all of plaintiff's legal materials and research on this complaint and his appeal to his conviction thereby placing an insurmountable

burden on the pro se litigant. And, it was shear happenstance that plaintiff's complaint was among his cell property upon transfer and not lost among all of his legal materials.

(b)   That plaintiff suffers from panick attacks due to the facts raised in the complaint and is therefore prone to debilitating impairment of efforts to represent himself.

(c)   The claim of physical and psychological injury proximately caused by the out of cell exercise deprivation over a one year period will necessarily require the testimony of an expert witness.

(d)   The mere fact that the plaintiff claims retaliation and conspiracy in counts 13 through 21 of his complaint, if taken as true, should be reason enough for this honorable court to recognize that plaintiff stands a

better chance of receiving truthful and complete responses to interrogatories and requests for discovery, if both sides are represented by counsel.

WHEREFORE, plaintiff requests that the Court consider the aforementioned reasons and to reinstate plaintiff's complaint and grant plaintiff's request for appointment of counsel.

Respectfully,

*[signature]* 10/31/06

Mark Winger
IDOC # K97120
Address: Box # 2000
200 E Supermax Rd.
Tamms, IL 62988

# PROOF OF SERVICE

I, Mark A. Winger, hereby certify under penalty of perjury, that a true and correct copy of the MOTION TO ALTER JUDGEMENT and MOTION TO AMEND COMPLAINT has been provided to the UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF ILLINOIS, CLERK OF COURT, Honorable John M. Waters, and sufficient copies attached thereto for defendants listed on complaint and a file stamped copy for plaintiff, by placing said motions in a postage paid envelope and mailing said envelope via the prison mailing system this 31st day of October, 2006 TO:

United States District Court
Central District of Illinois
Office of the Clerk
Room 309, Federal Building
100 N.E. Monroe
Peoria, IL 61602

Parties:
Guy D. Pierce
Wesley G. Wiles
Robert E. Gilinger
Erika Howard
Anabelle Motteler
Undray Millsap
Melody Ford
Roger E. Walker, Jr.
  Jones
(Defendants)

Winger
(Plaintiff)

Signed: Mark Winger  10/31/06
MARK WINGER
Box #2000
200 E. Supermax Rd
Tamms, IL 62988
IDOC # K97120