UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
NOV - 3 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Mark A. Winger )
   Plaintiff )
)
vs. ) Case No. 06-CV-1226
)
Guy D. PIERCE )
WESLEY G. WILES )
ROBERT E. ELLINGER )
ERIKA R. HOWARD )
ANABELLE MOTTELER )
UNDRAY MILLSAP )
MELODY FORD )
ROGER E. WALKER, JR. )
EDWARD JONES )
   Defendants )

## MOTION TO AMEND COMPLAINT

NOW, comes MARK A. WINGER, pro se, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and moves this honorable Court to amend the above captioned complaint to reflect the following:

1.  That paragraph (25) should read, "The punishments recomended by the Adjustment Committee and approved by all reviewing agents included a one year yard restriction, which is synonymous to 'exercise away from inmate's cell' at Pontiac Correctional Center, and will be referred to simply as yard or yard exercise throught the remainder of this complaint."

2.  That paragraph (118) should read, "Were it not for the deliberate indifference of defendants PIERCE, WILES, JONES, FORD, and WALKER to my repeated complaints of a serious medical need I would not have suffered the physical and psychological injuries attributed to the panick attacks.

3.  That paragraph (103) should read, "Without prior notice or any reason given, I was transferred to Tamms supermax prison in Tamms, IL.  As a result of the transfer I.D.O.C. "lost" all 4 boxes of my legal materials, thus placing an extreme burden on me to try to obtain copies of numerous correspondence of I.D.O.C. staff regarding my complaint. Thus, raising said "loss of materials" to a level of

Constitutional infermity because I need them in my pursuit to access the courts. Furthermore, I have demonstrative evidence that will show that my sudden transfer and "loss" of legal materials was in retaliation by defendants JONES and PIERCE who had knowledge that I was preparing this complaint. And, it was by happenstance that on the day of my transfer that my complaint was in my cell and not among my legal materials.

4. Paragraph (104) should read, " Upon my arrival at Tamms I was informed that my yard restriction was a complete yard denial which followed me from Pontiac and was not initiated by Tamms (Exhibits R-1 and R-2). And, Tamms mental health staff has diagnosed me as suffering from panick attacks attributed to my prolonged yard deprivation and they are medicating me for said injury.

WHEREFORE, plaintif moves this honorable court to allow the above

listed amendments to his complaint. The complete amended pages will follow.

Respectfully,

*[signature]* 10/31/06

Mark A. Winger
IDOC # K97120
Box # 2000
200 E. Supermax Rd.
Tamms, IL 62988