UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS

E-FILED
Friday, 24 August, 2007 12:41:19 PM
Clerk, U.S. District Court, ILCD

FILED
AUG 24 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK A. WINGER           )
    Plaintiff-Appellant  )
                         )
                         )
VS.                      ) Case No. 06-CV-1226
                         )
                         )
Guy D. PIERCE, et. al.   )
    Defendants           )

AFFIDAVIT IN SUPPORT OF MOTION FOR
LEAVE TO APPEAL IN FORMA PAUPERIS

I, MARK A. WINGER, Plaintiff-Appellant, pro se, swear or affirm under penalty of perjury that I was permitted to proceed in forma pauperis in the District Court action and that I am thereby eligible to proceed in forma pauperis of my appeal, in accordance with the prior approval provision of Federal Rule, Fed. R. App. P. 24(a)(3). I believe I am entitled to redress. I swear or affirm under penalty of perjury under United State laws that my statements are true and correct. (28 U.S.C. §1746; 18 U.S.C. §1621).

page 1 of 5

S: *[signature]*
D: August 7th, 2007

Mark A. Winger
Reg # K97120
Box # 2000
200 E. Supermax Rd.
Tamms, IL 62988

My issues on appeal are:

1. The court erroneously stated that my only federal claim was a 365 day denial of yard access, and ignored my claim of retaliation by prison officials who tried to prevent me from filing this claim by transferring me to Tamms after the completion of my one year penalty; and, my claim of psychological injury resulting from the total yard restriction; and the defendant's deliberate indifference to my serious medical needs.

2. The court misapplied the findings of Pearson v. Ramos (237 F.3d 881 (7th Cir. 2001)) to erroneously base its decision to deny my claim that the 365 day yard restriction

page 2 of 5

was cruel and unusual punishment. Where, the dispositive issue in <u>Pearson v. Ramos</u> was whether stacking of successive infractions occurring over a period of time adding up to a year of yard denial was cruel and unusual punishment. Contrary to that case, I had a single ticket containing multiple infractions stemming from the same incident; I have not been marked as violent and incorrigible; I have not attacked or harmed anyone; the offense was not yard related; and, the department rules restrict the maximum punishment not to exceed the maximum penalty for the most severe infraction, which in this case is 90 days yard restriction.

3. The court erred in dismissing my pro se complaint for failure to state a claim under Rule 12(b)(6) without giving me an opportunity to amend my complaint.

4.  It was error to dismiss my complaint where fact issues existed as to whether or not prison officials acted with deliberate indifference to my medical needs.

5.  It was error to dismiss my complaint where fact issues existed as to whether or not prison officials retaliated against me for demonstrating my intent to file this claim.

6.  It was error to ignore my psychological injury where such injury need not be demonstrated to state a claim of injury from the affects of long term denial of yard exercise, where such injuries resulting from long term denial of yard access are presumed.

7.  It was error to deny my request for appointment of an attorney where I adequately stated in my amended complaint that I suffer from the debilitating affects of panick attacks which I have also claimed are the

result of my long term deprivation of yard exercise.

*signature* 8-7-07

Mark A. Winger
Reg # K97120
Box # 2000
200 E. Supermax Rd.
Tamms, IL 62988

page 5 of 5

VERIFICATION OF CERTIFICATION

I, Mark A. Winger, the undersigned, certify that:

1. I am the Petitioner-Appellant in the above captioned legal matter;

2. I have read the foregoing Motion and accompanying affidavit and have knowledge of its contents;

and,

3. Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I certify that the statements set forth in the foregoing motion and affidavit are true and correct to the best of my knowledge.

*[signature: Mark Winger]*

ORDER

The foregoing application is:

_____ Granted

_____ Denied

_____
Judge, District Court