UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK WINGER,

                Plaintiff,

      v.                      Case No. 06-1226

GUY PIERCE, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

INTRODUCTION

      Before the court are defendants' motion for summary judgment, plaintiff's response to defendants' motion for summary judgement and defendants' response to plaintiff's response, [80], [88], and [92], respectively.  The plaintiff, Mark Winger, pro se, has submitted a complaint under 42 U.S.C. § 1983 against defendants Guy Pierce, *et. al.*  Plaintiff alleges inhumane conditions of confinement, based on his lack of opportunity to exercise due to a year of yard restriction.  The plaintiff alleges that officials at his prison violated the Constitution by restricting his opportunity for outdoor exercise for more than a year. A disciplinary infraction (soliciting a murder) led to the revocation of one year of good-time credits, a year in segregation, and a year's loss of yard privileges.  According to the complaint, Winger spent at least 9 consecutive months indoors. After he complained of panic attacks, he was allowed a single hour of outdoor exercise.  The plaintiff, Winger filed a grievance relating to the 365 day yard restriction on August 18, 2005.

      The defendants, Guy Pierce, Roger Walker, Jr., Melody Ford, Eddie Jones, Robert Ellinger, Wesley Wiles, Erika Howard, Undrey Millsay, and Annabelle Motteler, by and through their attorney Lisa Madigan, have moved the court for an order granting summary judgment in favor of the defendants because the plaintiff has allegedly failed to exhaust all administrative remedies prior to filing .

MOTION FOR SUMMARY JUDGMENT STANDARD

      Summary judgment is proper if the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ.P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In determining whether there are any genuine issues of material fact, the court must draw all inferences in the light most favorable to the non-movant.

*Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312 (7th Cir.1986). Yet not every conceivable inference must be drawn, only reasonable inferences. *Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312-13 (7th Cir.1986).

The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden by "showing . . . an absence of evidence to support the nonmoving party's case." Id., 477 U.S. at 325. When the moving party has met the burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250. In determining whether the nonmovant has identified a "material" issue of fact for trial, "[o]nly dispute[s] that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996). A court must enter summary judgment against the plaintiff when the plaintiff fails to come forward with evidence that would reasonably permit a finder of fact to find in plaintiff's favor on a material question. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

FACTS

The following facts are undisputed material facts:

1.  The plaintiff, Mark Winger is an inmate currently incarcerated by the Illinois Department of Corrections.

2.  The United States Court of Appeals for the Seventh Circuit held that Plaintiff had stated a claim of inhumane conditions of confinement, based on his lack of opportunity to exercise due to the a year yard restriction. [52].

3.  The plaintiff claims he spent nine consecutive months indoors. (Pl.'s Compl.) [81].

4.  The plaintiff received a disciplinary ticket on July 11, 2005, for Soliciting a Violent Assault of Any Person, Intimidation or Threats, Dangerous Communication, and Violating State or Federal Laws.

5.  The plaintiff was found guilty by the Adjustment Committee and given discipline which included a one year yard restriction on August 2, 2005.

6.  Jackie Miller is a chairperson with the ARB, which handles appeals of inmate grievances on the Director's behalf. (Def.s' Exh. A and B) [81].

7.  Jackie Miller conducted a search of the ARB's records, and found that the plaintiff submitted only one grievance concerning the one year yard restriction the plaintiff

received.

8. The plaintiff's grievance was written August 16, 2005. (Def.s'Exh. B.) [81].

9. The ARB responded to the plaintiff's grievance on January 9, 2006.[1]

10. The ARB report indicates that the grievance officer's report and the subsequent recommendation was approved by the Chief Administrative Officer. (Pl. Exh. A.) [91].

11. The 365 day yard restriction that the plaintiff grieved was recommended by the Adjustment Committee, approved by the warden and bears the signatures of defendants, Ellinger, Howard, Motteler, Millsap, and Pierce. (Pl. Exh. A at 2.) [91].

12. Defendants admit that the punishment recommended by the Adjustment Committee included a one year yard restriction which was approved by the warden and bears the signatures of Defendants Ellinger, Howard, Motteler, Millsap and Pierce. (Def.s' Answer ¶ 25.) [82].

13. Defendants admit that § 504.670 (f) states that the committed person whose yard opportunities have been restricted may grieve the determination in accordance with 20 Ill. Admin. Code. (Def.s Exh. B ¶ 2.) [81].

14. The plaintiff filed a grievance in response to the Adjustment Committee's findings and their recommendation of a one year yard restriction and the warden's assignment of the 365 day total yard restriction. [81].

15. The occurrence of plaintiff's claim took place during the time period of June 17, 2005 through June 16, 2006. (Def.s' Ans. ¶ 105.) [91].

16. Defendants admit that the plaintiff alleged that the IDOC was showing deliberate indifference by denying him yard, when the plaintiff attended the ARB hearing on December 14, 2005. (Pl.'s Exh. A, pg. 1.) [91].

17. Defendants admit that plaintiff complained to Defendant Ford, at the December 14, 2005 ARB hearing about the 365 day yard restriction that he received. (Def.s' Ans. At 42.) [82].

18. The defendants admit that 20 IL Admin 508.850(b) states that, "The Director shall review the grievance and the response of the grievance officer and the chief administrative officer." (Def.s' Ans. ¶ 38.) [82].

---

[1] The plaintiff concedes that the ARB response to plaintiff's grievance was dated January 9, 2006, but argues that he did not receive said response until April 28, 2006. This, however, is not sufficient evidence to dispute this fact.

19. The defendants' admit that 20 IL Admin 508.850(f) states that, "The Director shall review the finding of the board." (Def.s' Ans. ¶ 39.) [82].

20. Defendant Ford, admits recommending to the Director (Defendant Walker) that he approve the 365 day yard restriction and to deny plaintiff's appeal. (Def.s' Ans. ¶ 124.) [82].

## DISPUTED MATERIAL FACTS

The following are disputed material facts:

1. On or about June 12, 2006, the plaintiff filed a second grievance relating to his 365 day yard restriction. (Pl.'s Exh. C.) [91].

2. Prison officials failed to respond to the plaintiff's June 12, 2006 grievance. (Pl.'s Aff.) [91].

## UNDISPUTED IMMATERIAL FACTS[2]

The following facts are undisputed immaterial facts:

1. Defendants admit that 20 Ill. Admin Code 504 provides prison officials with substantive predicates within Department Rule 504 to govern officials' decision making in addition to mandating the outcome upon a finding that the relevant criteria have been met; 20 IL Admin 504.110, 20 IL Admin 504.670( c). (Def.s' Ans. ¶ 27.) [82].

2. The 7th Circuit of the United States Court of Appeals stated in their mandate that it would be difficult for them to consider how even nine months deprivation could be consistent with the Eighth Amendment to the Constitution of the United States. [52].

## DISCUSSION AND CONCLUSION

**The Plaintiff Properly Exhausted Administrative Remedies Regarding His 365 Day Yard Restriction**

The Prisoner Litigation Reform Act requires all prison inmates to exhaust all administrative remedies that may be available to them prior to bringing an action under 42 U.S.C. §1983 regarding prison condition. 42 U.S.C. § 1997e(a). An Illinois Department of Corrections prisoner must file a written grievance at the institutional level within 60 days of the discovery of the issue giving rise to the grievance. 20 Ill. Admin. Code 504.810. If the inmate receives an unfavorable decision, he must appeal to the Director or his designees on the Administrative Review Board. 20 Ill. Admin. Code 504.850. A grievance that is not fully

---

[2] These facts are immaterial to the issue of whether the plaintiff exhausted his administrative remedies.

appealed to the Administrative Review Board has not been fully exhausted. In this instant case, the defendants argue they are entitled to summary judgment because plaintiff allegedly failed to exhaust administrative remedies prior to filing this law suit. The court disagrees with the defendants' assertion.

The record shows that plaintiff submitted a timely grievance related to his 365 day yard restriction to the ARB on August 18, 2005. The defendants concede that the ARB responded to plaintiff's grievance relating to his 365 day yard restriction on January 9, 2006. Plaintiff's grievance was properly exhausted at that time. The defendants now argue that plaintiff's grievance was deficient for the following three reasons: (1) it only contained one paragraph pertaining the his 365 day yard restriction (2) it was written, allegedly, before the before the plaintiff's claim accrued and (3) the grievance did not specifically name the defendants.

As for reason one, regardless of whether the plaintiff's grievance contained one or multiple paragraphs relating to the plaintiff's 365 day yard restriction, the grievance provided enough detail regarding plaintiff's eighth amendment claim to place the defendants on notice. It specifically addressed the plaintiff's concerns regarding the constitutionality of the 365 day yard restriction. Moreover, defendants' memorandum in support of motion for summary judgement admits that plaintiff received the 365 day yard restriction on August 2, 2005 and then filed his grievance on August 18, 2005, clearly within 60 days of the incident giving rise to plaintiff's grievance. Defendants' motion further admits that the ARB held a hearing regarding plaintiff's 365 day yard restriction grievance on December 14, 2005 and the Director's office concurred in denying plaintiff's grievance on January 9, 2006. [81]. The court finds that plaintiff's grievance contained sufficient detail to place defendants on notice regarding plaintiff's claim.

As for reason two, it is preposterous to argue that the plaintiff would be required first to endure the 365 day yard restriction and then submit a written grievance regarding the restriction when the regulation states specifically that the grievance must be filed within 60 days of notification of the incidence giving rise to the grievance. Suppose now that the plaintiff were to first endure the 365 day yard restriction and then submit a grievance about it, what is to say that the defendants would not then argue that the plaintiff's grievance was not timely because he did not file with 60 days of receiving notification of his punishment of 365 yard restriction. This court disagrees that the plaintiff's grievance should have been filed after the 365 days of yard restriction.

As to reason three, defendants argue that the plaintiff's grievance is deficient because it failed to list the defendants by name. 20 Ill. Adm. Code 504.810 states clearly that an offender is not "preclude[d] from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." Plaintiff correctly asserts that there is no ambiguity as to who the warden is or who members of the ARB are. Additionally, it would not have been appropriate to name defendants Jones, Ford and Walker in the grievance that plaintiff submitted on August 18, 2005, as they had not yet become involved in plaintiff's grievance process regarding the 365 day yard restriction. This court disagrees with defendants' claim that plaintiff was required to list all defendants by name in plaintiff's grievance for the aforementioned reasons.

It is therefore ordered:

1. Pursuant to 42 U.S.C. § 1997e(a) the Defendants' motion for summary judgement is denied..

Enter this 4th day of March 2010.

**s\Harold A. Baker**

_____
Harold A. Baker
United States District Judge