UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK WINGER,
      Plaintiff,

      v.                                    06-1226

Guy Pierce, et al.,
      Defendants.

MEMORANDUM OPINION AND ORDER

      Before the court are the defendants, Michael Melvin and Terri Anderson's otion to dismiss [129] and the plaintiff's amended response [147].

Standard

      It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

      When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

Background and Conclusion

      The plaintiff, is an inmate currently incarcerated at Tamms Correctional Center. He brings this lawsuit for constitutional violations pursuant to 42 U. S. C. Section 1983. The plaintiff brought this lawsuit on August 31, 2006. The case was dismissed by this court. The plaintiff appealed and the Seventh Circuit Court of Appeals remanded this case. On March 12, 2010, the court granted the plaintiff's December 2, 2009 motion to amend his complaint. The amended complaint was entered on that same day. The plaintiff alleges his constitutional rights were violated when he was subjected to a one year yard restriction from June 17, 2005 to June 16, 2006. See Amended Complaint [120] at 27. Defendant Anderson waived service on April 30, 2010 and Defendant Melvin waived service on May 13, 2010. The defendants, Anderson and Melvin argue that the plaintiff's claim against them is barred by the Illinois two-year statute of limitations. Claims brought under 42 U.S.C. §1983 "borrow" the statute of limitations established by the state

in which the claims are filed. *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F. 3d 593, 594 (7th Cir. 2001).

In response, the plaintiff claims that on September 3, 2009, he filed a motion requesting leave of the court to allow the plaintiff to add defendants to the complaint. In that motion he also asked this court to order the defendants to provide the plaintiff with the names of the individuals who actually signed the signature of defendants and to allow the plaintiff to add the names provided by the defendants. In response, the court denied the plaintiff's motion and advised him that he must seek the names through discovery. Three months later, the plaintiff filed his motion to amend his complaint [105] adding defendants Anderson and Melvin.

In Illinois, the statute of limitations bars suits filed more than two years after the claim accrues. *Id*. *See also* 735 ILCS 5/13-202; s*ee Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998). In this case, the plaintiff alleges he was subjected to a one year yard restriction from June 17, 2005 to June 16, 2006. Therefore, this claim began to accrue on June 17, 2005 when Plaintiff began his one year yard restriction and the accrual of the claim ended on June 16, 2006 when the plaintiff the one year yard restriction ended. The plaintiff did not file this claim against the defendants Anderson and Melvin until March 12, 2010, when the plaintiff filed his Amended Complaint. The plaintiff's previous complaint did not contain any claims against Anderson and Melvin. Since the plaintiff did not file this suit against Anderson and Melvin until more than three years after the plaintiff's claim accrued, the plaintiff's claim against them is barred by the statute of limitations. The defendants remind the court that in Illinois, the statute of limitations period is tolled while an inmate completes the administrative grievance process. *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001). In this case, the plaintiff wrote this grievance on August 18, 2005. The ARB held a hearing on it on December 14, 2005. The Director's office concurred in denying the grievance on January 9, 2006. Therefore, the entire grievance process was completed in just under five months. Even if the court tolled the statute of limitations for five months from the time the plaintiff's claim accrued, the limitations period had run by the time the plaintiff filed his amended complaint on March 12, 2010.

It is therefore ordered:

1.    Pursuant to 735 ILCS 5/13-202, the defendants, Melvin and Anderson's motion to dismiss is granted [129]. The clerk of the court is directed to terminate these defendants, forthwith.
2.    If the plaintiff wishes to appeal the termination of these defendants, he may do so within 30 days of the entry of judgment.

Enter this 6th day of January 2011.


/s/ Joe B. McDade
_____
Joe Billy McDade
Senior United States District Judge


2